IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEAN PAUL DEPAEPE, A6017809, | ) CIV. NO. 20-00198 JAO-WRP |
| | ) |
| Plaintiff, | ) ORDER DENYING IN FORMA |
| | ) PAUPERIS APPLICATION AND |
| vs. | ) MOTION FOR APPOINTMENT OF |
| | ) COUNSEL |
| JOANNA-JACKLYN WHITE, | ) |
| JIMMY MAGALLENES, TIMOTHY | ) |
| MORALES, SHELLEY | ) |
| HARRINGTON, NOLAN P. | ) |
| ESPINDA, JHON DOE 1–25, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION
FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff Sean Paul DePaepe's ("DePaepe") Declaration in Support of Request to Proceed without Paying Filing Fees ("IFP Application"), Motion for Appoi[n]tment of Counsel, and declaration and memorandum of law in support of his motion. ECF Nos. 2, 3, 3-1. For the following reasons, DePaepe's IFP Application and his Motion for Appointment of Counsel are DENIED.

I. **IFP APPLICATION**

DePaepe's IFP Application is not on a District of Hawaii form and it lacks (1) certification by prison officials regarding the amount currently in his account; and (2) an account statement for the preceding six months showing all deposits and

withdrawals to his account during that period.  *See* 28 U.S.C. § 1915(a)(2).  His IFP Application is therefore DENIED as incomplete.

DePaepe is DIRECTED to submit a complete IFP Application on a District of Hawaii form that contains the information listed above, by on or before June 5, 2020.  Failure to timely do so will result in **automatic dismissal** of this suit without prejudice.  *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).  The Court will take no action on any future filings until DePaepe pays the filing fee or is granted IFP status.

## II.    MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  A court may request counsel to appear pro bono on a plaintiff's behalf, however.  *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  A court's discretion to appoint counsel is governed by several factors, including the plaintiff's likelihood of success on the merits and ability to articulate his claims in light of their complexity.  A plaintiff must show "exceptional circumstances" that support the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

DePaepe asserts that appointment of counsel is justified because he (1) is indigent; (2) raises complex issues; (3) has limited knowledge of the law; and (4) has limited ability to research and investigate.  *See* ECF No. 3.  DePaepe can read and write and is plainly able to articulate his claims in a coherent manner.  All pro se prisoners' ability to litigate a case is hampered to some extent by their indigency and incarceration.  And, notwithstanding DePaepe's contrary assertions, his claims regarding an alleged sexual harassment incident at Halawa Correctional Facility, the denial of due process, and his transfer to the Saguaro Correctional Center in September 2018, are not particularly complex.  Importantly, the Court has not fully screened Plaintiff's Complaint to determine whether it states a plausible claim for relief against the named Defendants and should be served.  Until then, it is impossible to determine Plaintiff's likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here.  *See Terrell*, 935 F.2d at 1017.

Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice to his refiling another request after his Complaint has been screened, served, and Defendants have filed an Answer or other response.

The Clerk is DIRECTED to send DePaepe an Application to Proceed In Forma Pauperis by A Prisoner so that he can comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 5, 2020.



Jill A. Otake
United States District Judge

*DePaepe v. White, et al.*, CIV. NO. 20 00198 JAO WRP; ifp '20