IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SEAN PAUL DEPAEPE, #A6017809, | ) | CIV. NO. 20-00198 JAO-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| JOANNA-JACKLYN WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Before the Court is pro se Plaintiff Sean Paul DePaepe's ("Plaintiff")

prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983.  *See* ECF

No. 1.[1]  Plaintiff alleges that Defendants, prison officials or employees at the

Department of Public Safety ("DPS"), Halawa Correctional Facility ("HCF"), and

Saguaro Correctional Center ("SCC"),[2] violated his rights under the Fourth and

Eighth Amendments, and the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §

15601, et seq., when he was allegedly (1) sexually harassed at HCF (which

---

[1]  The Court refers to the pagination assigned to filed documents by the Federal
Judiciary's Case Management/Electronic Case Files system ("CM/ECF").

[2]  Plaintiff names DPS Director Nolan P. Espinda and PREA Coordinator Shelley
Harrington; HCF Captain and PREA Coordinator Joanna-Jacklyn White, Cooks
Jimmy Magallenes and Timothy Morales; and HCF and SCC Jhon Does 1–25
(partially identified as "UTM," Assistant Warden, and "STG"), in their individual
and official capacities.

allegedly threatened his safety), (2) denied psychological counseling, and (3) transferred to SCC in retaliation for filing a grievance.  He alleges that SCC officials also denied him counseling and falsely charged him with gang affiliation.

For the following reasons, Plaintiff's Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

## I.   STATUTORY SCREENING

The Court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible"

when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed-me accusation" also falls short of meeting this plausibility standard. *Id.* at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *see Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND

While Plaintiff was incarcerated at HCF in late September 2018, he claims that HCF Cook Morales asked him and another inmate, "What are you to [sic] faggots doing making out?"  Compl., ECF No. 1 at 3 (Count I).  Morales then

3

allegedly told other kitchen workers that he saw Plaintiff and the other inmate "making out." *Id.* at 7.

Plaintiff filed a grievance regarding this incident in October 2018, and alleges that HCF PREA Coordinator White failed to investigate his claims. He was transferred to SCC the same month, causing him to lose his job at HCF. Plaintiff believes this transfer was retaliatory. Plaintiff did not receive a response to his grievance until February 2019, after his transfer to SCC.

Plaintiff appealed the denial of his grievance, and filed other grievances about the incident to HCF officials, but he received no responses. He claims DPS/HCF officials therefore failed to comply with DPS grievance procedures and PREA.

Plaintiff then filed "another PREA" grievance at SCC regarding the incident at HCF. *Id.* at 3. He says that he was sent to the special holding unit and told that he could continue his rehabilitation programs when he was released. Plaintiff claims that he was instead charged for "a ficti[c]ious gang [affiliation] on an S[T]G charge."[3] *Id.* He alleges this was done in retaliation for filing a grievance at SCC

---

[3] "STG" refers to "security threat group," a term used to designate formal or informal prison groups, i.e., "prison gangs." *See* Nat'l Inst. of Corr., Dep't of Justice, https://nicic.gov/security-threat-group-stg-information (last visited June 24, 2020); *id.* https://nicic.gov/security-threat-groups-inside (last visited June 24, 2020).

about the incident at HCF.

Plaintiff seeks compensatory and punitive damages, and unspecified injunctive relief.

## III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's personal conduct and must affirmatively link that injury to the violation of his rights.

### A.    Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law, however.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *Oyama v. Univ. of Haw.*, Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Plaintiff's damages claims against all Defendants named in their official capacities are DISMISSED.

To the extent Plaintiff seeks injunctive relief regarding the alleged sexual harassment incident at HCF, those claims are DISMISSED as moot.  *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (holding an inmate's conditions of confinement claims alleging incidents at a particular facility are moot when the inmate is transferred from that facility with no reasonable expectation of returning

"because he 'no longer is subjected to the allegedly unconstitutional policies'" (quoting *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)) (brackets and other citation omitted)); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by his transfer to another facility).

If Plaintiff elects to amend, he must clarify his claims for prospective injunctive relief, beyond his vague request that the Court "act on the staff involved so other people will not be hurt by th[ese] institutions in the future."  Compl., ECF No. 1 at 10.

## B.    Failure to Comply with Rule 8

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a)(2) and (d)(1). To state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it requires factual allegations be sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation and footnote omitted).  Vague and conclusory allegations concerning the

involvement of official personnel in civil rights violations are not sufficient to state a claim.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  Plaintiff fails to allege specific facts showing any Defendant's personal involvement in his claims, besides his allegations against Morales.

Plaintiff alleges HCF PREA Coordinator White failed to investigate his grievance alleging that Morales sexually harassed him, which he asserts violates PREA and DPS grievance policies.  He provides nothing to support this conclusory allegation, however.  He says that his grievance was denied, but does not allege who denied it or why, or explain White's involvement in this allegation.[4]  Without additional details the Court cannot infer that White personally violated Plaintiff's constitutional rights.  He thus fails to state a claim against her.

Similarly, beyond naming HCF Cook Magallenes as a Defendant, Plaintiff

---

[4]  Moreover, inmates have no constitutional right to a grievance procedure, so the failure to properly investigate or process a grievance does not state a claim.  *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that due process not violated because unpublished administrative policy statements in establishing a grievance procedure did not create a protected liberty interest); *see also Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (holding the district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process" because inmates are not entitled to a specific grievance procedure (citing *Ramirez*, 334 F.3d at 860)).

alleges no facts showing Magallenes' personal action or inaction in his claims. It is also unclear whether Magallenes is actually an inmate, not an HCF employee, who heard Morales' comment in the kitchen. *See* Compl., ECF No. 1 at 7 (stating that Morales saw Plaintiff with another inmate in the laundry, "then precided [sic] to tell all inmates in the kitchen" that he saw Plaintiff "making out" with another inmate. *Id.* If Magallenes is indeed an inmate, even if Magallenes was involved in Morales' behavior, he was not acting under color of state law and cannot be sued under § 1983. Plaintiff fails to state a plausible claim for relief against Magallenes.

Plaintiff names DPS Director Espinda and DPS PREA Coordinator Harrington, but alleges no facts showing their personal participation in his allegations beyond their supervisory titles at DPS. This suggests that Plaintiff names Espinda and Harrington based solely on their supervisory positions with DPS. Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of vicarious liability, however. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

A supervisor may be held liable under § 1983 only upon a showing of personal involvement in the constitutional deprivation, or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

violation.  *See Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012).  Thus, a supervisor can only be held personally liable "for [their] own culpable action or inaction in the training, supervision, or control of his subordinates; for [their] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted).  This requires a supervisor to have known of their subordinates' allegedly unconstitutional actions but failed to act. *See*, *e.g.*, *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (citing *id.*). Because Plaintiff alleges no facts showing Espinda's or Harrington's personal involvement in his claims, he fails to state a colorable claim against them.

Plaintiff alleges that he was denied psychological counseling at SCC and HCF, but provides no other details regarding this claim.  He does not allege when or to whom he submitted a medical request for counseling at either facility, who denied his requests in each facility, or explain their proffered reasons for denying him counseling.  On these meager facts, the Court cannot determine who is liable for this alleged denial of medical care, or even whether this denial violated Plaintiff's constitutional rights.

Neither a court nor defendants should have to guess what is being alleged against whom in a complaint, or expend time "preparing the 'short and plain

statement' which Rule 8 obligated plaintiff[] to submit," or to prepare lengthy outlines "to determine who is being sued for what." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *see also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (stating that although a court must liberally construe a pro se litigant's pleadings, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

Plaintiff's Complaint fails to comply with Rule 8, and he fails to allege sufficient facts to state a claim against any Defendant, excepting perhaps, Morales. Plaintiff's claims against all *other* Defendants are DISMISSED with leave granted to amend.

## C.   Improper Joinder

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or alternate claims, as many claims as the party has against an opposing party.  A plaintiff may not, however, bring unrelated claims against unrelated parties in a single action.  *See* Fed. R. Civ. P. 18(a) (Joinder of Claims); Fed. R. Civ. P. 20(a)(2) (Permissive Joinder of Parties).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants

belong in different suits[.]" (citation omitted)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *id.*).

Plaintiff's claims against HCF and SCC Defendants involve distinct sets of defendants, in separate facilities located in different states, based on separate factual events, which occurred months apart.  Plaintiff's claims against HCF Defendants arise from his complaint of Morales' alleged sexual harassment and Plaintiff's resulting alleged retaliatory transfer to SCC in Arizona.  His claims against SCC Defendants stem from Plaintiff's use of the SCC grievance procedure to grieve incidents that allegedly occurred in Hawaiʻi at HCF.  Although Plaintiff attempts to link these claims by alleging all Defendants acted in retaliation, that connection is neither evident nor plausible from the facts alleged.  Plaintiff does not allege facts showing why or how SCC Defendants conspired with HCF Defendants to retaliate against him for filing a single grievance against an HCF cook before Plaintiff was transferred to Arizona.

Rather, Plaintiff alleges that, when he was unsuccessful in obtaining relief on his grievances at HCF, he pursued grievances at SCC about the incident at HCF.  This is a new and separate incident.  Plaintiff does not explain what authority SCC officials have to discipline Morales, or what relief they could have provided.  Plaintiff also alleges insufficient facts regarding what happened when he filed this

SCC grievance.  That is, what response he received and from whom.  Plaintiff also alleges that he was falsely charged for gang affiliation at SCC, and suggests that he was placed in special housing and lost the right to continue his rehabilitation programs, but he fails to allege facts showing that this incident was related to his claims against Morales.

Plaintiff's claims regarding incidents that allegedly occurred at HCF appear improperly joined with his claims regarding incidents alleged to have occurred at SCC.  If Plaintiff elects to amend his pleadings, he should be aware of this apparent failure to comply with the Federal Rules of Civil Procedure and understand that unrelated claims alleged against unrelated Defendants in an amended complaint may be severed.[5]

**D.    PREA**

Plaintiff suggests that his claims are actionable under PREA, because Defendants allegedly violated PREA rules and protocol.  However, "there is no private cause of action available to vindicate violations of the PREA."  *Hatcher v. Harrington*, No. 14-00554 JMS/KSC, 2015 WL 474313, *5 (D. Haw. Feb. 5, 2015) (concluding that PREA does not create a private cause of action and

---

[5]  Venue for Plaintiff's claims alleged to have occurred at SCC by SCC Defendants likely lies in Arizona and not in Hawai'i.  *See* 28 U.S.C. § 1391(b)(2).

collecting cases).  To the extent Plaintiff seeks relief under PREA, he fails to state a claim.

**E.  Claims Based on Morales' Acts**

Plaintiff alleges that Morales sexually harassed and threatened his safety when he called him a "faggot" and told inmates in the kitchen that he caught Plaintiff "making out" with another inmate.  Compl., ECF No. 1 at 3, 7.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation omitted).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) "the deprivation alleged [is], objectively, 'sufficiently serious'"; and (2) the prison official had a "'sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)) (other citations omitted).

**1.  Verbal Sexual Harassment**

Physical sexual assault clearly violates the Eighth Amendment.  *See Schwenk v. Hartford*, 204 F.3d 1187, 1196–97 (9th Cir. 2000).  Claims alleging brief inappropriate touching with sexual overtones, however, generally fail to state a violation of the Eighth Amendment.  *See Watison v. Carter*, 668 F.3d 1108,

14

1112–14 (9th Cir. 2012) (concluding that the humiliation suffered by a prisoner due to defendant's alleged conduct—rubbing his thigh against the prisoner's thigh while the prisoner was on the toilet, smiling in a sexual way, and laughing as he left the cell—"d[id] not rise to the level of severe psychological pain required to state an Eighth Amendment claim" and therefore the defendant's alleged conduct was "not objectively harmful enough to establish a constitutional violation" (brackets, internal quotation marks, and citation omitted)).

Similarly, "'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment." *Id.* at 1113 (citation omitted); *see Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (concluding that prisoner failed to show that "disrespectful and assaultive comments" by prison guards were "unusually gross even for a prison setting" or "were calculated to [or] did cause him psychological damage"), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim). "To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd." *Somers v. Thurman*, 109 F.3d 614, 624

(9th Cir. 1997).

When, as here, no inappropriate touching is pled, claims alleging mere verbal sexual harassment or otherwise sexually inappropriate conduct have generally been found to be non-cognizable under the Eighth Amendment. *See, e.g., Austin v. Terhune*, 367 F.3d 1167, 1171–72 (9th Cir. 2004) ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (citing *Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir. 1997) (granting qualified immunity to guard who allegedly engaged in "vulgar same-sex trash talk" with inmates); *Somers*, 109 F.3d at 624 (granting qualified immunity to female guards who allegedly regularly made improper statements while plaintiff showered)); *Hunt v. Martinez*, No. 2:18-cv-3025 JAM KJN P, 2020 WL 564815, at *7 (E.D. Cal. Feb. 5, 2020) (concluding allegations that the defendant "ma[d]e moaning sounds and gestures, and was sexually aroused" were not "egregious, pervasive, or widespread" enough to violate the Eighth Amendment), *findings and recommendation adopted*, 2020 WL 1433000 (E.D. Cal. Mar. 24, 2020); *Grisham v. County of Los Angeles*, No. CV 16-8079-PA (PLA), 2019 WL 2360897, at *10–11 (C.D. Cal. Apr. 26, 2019) (finding female inmate's allegations that female guards made vulgar comments, shined flashlight at prisoner's buttocks and vagina, laughed, and made sexual innuendos during strip search did not violate Eighth

Amendment), *report and recommendation adopted*, 2019 WL 2358914 (C.D. Cal.
June 3, 2019).

Morales' two brief, insulting comments were not so objectively egregious,
pervasive, or harmful as to violate the Eighth Amendment and Plaintiff's sexual
harassment claim against Morales is DISMISSED with leave granted to amend.

### 2.   Threat to Safety

"[P]rison officials have a duty . . . to protect prisoners from violence at the
hands of other prisoners." *Farmer*, 511 U.S. at 833 (internal quotation marks,
footnote, and citations omitted).  Thus, allegations, for example, that a correctional
officer "sexually assaulted and harassed [an inmate] and told other inmates that he
was a homosexual and a 'snitch,'" in light of prison officials' failure to "take
reasonable measures to guarantee [the inmate's] safety," are sufficient to show
deliberate indifference to the inmate's safety under the Eighth Amendment.
*Thomas v. District of Columbia*, 887 F. Supp. 1, 4–5 (D.D.C. 1995).  Similarly, an
inmate's allegations that the supervisor of two correctional officers who spread
rumors that the inmate was homosexual *and* a snitch failed to provide assistance to
the inmate, were sufficient to state a claim against the supervisor for deliberate
indifference to his safety.  *See Flores v. Wall*, No. CA 11-69 M, 2012 WL
4471101, at *12 (D.R.I. Aug. 31, 2012) (collecting cases), *report and*

*recommendation adopted*, 2012 WL 4470998 (D.R.I. Sept. 25, 2012).

Plaintiff, however, does not allege sufficient facts to state a colorable threat to his safety based on Morales' comments. To do so, Plaintiff must allege that Morales, on a specific date, engaged in specific conduct that demonstrates that the Defendant *knew* of a substantial risk to Plaintiff's safety after Morales made his comments and *deliberately disregarded* that risk. *See Johnson v. Perry*, No. 2:16-cv-0367 AC P, 2018 WL 3993287, at *2–3 (E.D. Cal. Aug. 21, 2018), *findings and recommendations adopted*, 2018 WL 4385588 (E.D. Cal. Sept. 14, 2018). A prison official need not know for certain that an inmate is in danger, but he "must have more than a mere suspicion" of danger. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [a plaintiff's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

Plaintiff describes two, brief instances of crude sexual comments, one of which was made in the kitchen in front of other inmates. He does not allege that Morales touched or assaulted him, or spread rumors that he was a snitch, or continued making these comments knowing that they could endanger Plaintiff. Plaintiff does not allege that he was threatened or that he was unsafe at HCF after

18

Morales made the disparaging remarks.  Morales' insensitive comments may have been embarrassing and hurtful, but standing alone as pled, they are insufficient to support an Eighth Amendment claim.

Moreover, Plaintiff alleges that after he reported the incident in October 2018, he was transferred from HCF to SCC the same month.  This chronology diminishes Plaintiff's claim that DPS or HCF officials failed to protect him after he reported the incident.  Rather, it suggests that they responded to Plaintiff's perceived fear by moving him to another facility.  *See* 28 C.F.R. § 115.67(b).[6]

Plaintiff's claims against Morales are DISMISSED with leave granted to amend if Plaintiff has additional facts that support more than non-actionable verbal sexual harassment *and* show that prison officials ignored a likely threat to his safety.

## F.    Denial of Counseling

Plaintiff alleges that he was denied psychological counseling after the

---

[6]  28 C.F.R. § 115.67(b) requires prison officials to

> employ multiple protection measures, such as housing changes or transfers for inmate victims or abusers [of sexual assault or harassment], removal of alleged staff or inmate abusers from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

incident both at HCF and at SCC.  As discussed *supra*, Plaintiff alleges insufficient facts to show who, how, when, or why he was allegedly denied such medical care, and this claim remains DISMISSED with leave to amend.  The Court provides the following relevant legal standards to enable Plaintiff to effectively amend this claim.

The Eighth Amendment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  It can be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of "subjective recklessness," which entails "more than ordinary lack of due care."  *Snow*, 681 F.3d at 985 (citation omitted); *see Wilhelm*, 680 F.3d at 1122.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976); *see Snow*, 681 F.3d at 987–88; *Wilhelm*, 680

F.3d at 1122.  An Eighth Amendment claim may not be premised on even gross

negligence by a physician.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

Cir. 1990).

"A difference of opinion between a physician and the prisoner—or between

medical professionals—concerning what medical care is appropriate does not

amount to deliberate indifference."  *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*,

891 F.2d 240, 242 (9th Cir. 1989)); *see Wilhelm*, 680 F.3d at 1122 (citing *Jackson*

*v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, a plaintiff "must show that

the course of treatment the doctors chose was medically unacceptable under the

circumstances and that the defendants chose this course in conscious disregard of

an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citation and internal

quotation marks omitted).

## G.   Retaliation

Plaintiff alleges that he was transferred to SCC in retaliation for grieving

Morales' comments, and retaliated against at SCC for pursuing a grievance about

the incident within the SCC grievance program.

"Prisoners have a First Amendment right to file grievances against prison

officials and to be free from retaliation for doing so."  *Watison*, 668 F.3d at 1114;

*see Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

> [A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)) (footnote and other citation omitted).  It is the plaintiff's burden to plead and prove each of these elements.  *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  A plaintiff need not prove that the alleged "adverse action," however, is itself a constitutional violation.  *See id.*; *see also Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); *Rizzo v. Dawson*, 778 F.2d 527, 531–32 (9th Cir. 1985) (holding allegations that inmate's transfer to a different prison "were retaliatory and were arbitrary and capricious" were sufficient to state a retaliation claim).

A plaintiff must allege that his protected conduct was the "substantial" or "motivating" factor behind the defendant's challenged conduct.  *Brodheim*, 584 F.3d at 1271 (citation omitted).  To do so, a plaintiff must allege direct or circumstantial evidence of defendant's alleged retaliatory motive; speculation is insufficient.  *See McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882–83

(9th Cir. 2011); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Thus, a plaintiff must allege that the defendant knew of his protected conduct *and* either a proximity in time between the protected conduct and the alleged retaliation, or the defendant's expressed opposition to the protected conduct, or some other allegation that defendant's reasons for the challenged action were false or pretextual.  *See McCollum*, 647 F.3d at 882.

Plaintiff fails to allege sufficient facts to show that his filing a grievance against Morales was intended to prevent him from filing further grievances  and resulted in his immediate transfer to SCC.  Plaintiff's broad and conclusory assertion of "retaliation," without further allegations that link his transfer to his protected conduct, does not suffice.  First, he does not explain why Defendants would immediately transfer him to Arizona on the basis of one grievance against one officer about an improper comment.  Prisoners file grievances daily within Hawaii's prison and jail facilities, yet Plaintiff provides no other non-speculative motive for this retaliation.  And, although the timing superficially supports this claim, transfers of prisoners from one prison to another, particularly to out-of-state facilities, would require some planning and considered decision making.  Plaintiff does not allege the dates of the incident, when he filed a grievance, and when he was transferred.

Plaintiff also fails to allege facts that show his single grievance was a "substantial" or "motivating" factor behind Defendants' decision to transfer him to SCC. *Brodheim*, 584 F.3d at 1271 (citation omitted). Moreover, Plaintiff alleges no facts suggesting a chilling effect on his protected conduct; he continued to file grievances and appeals from SCC to HCF and within SCC. Plaintiff also fails to explain why his filing a grievance at HCF, and another at SCC against an HCF employee, caused SCC Defendants to retaliate against him. Plaintiff fails to allege sufficient facts for the Court to plausibly infer that any Defendant personally retaliated against him for filing a grievance. This claim is DISMISSED with leave to amend.

## H.    False Rules Violation

Plaintiff alleges that an unknown SCC official falsely charged him with being affiliated with a gang, for which he was disciplined and prevented from completing rehabilitation programs. The filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Cox v. Kernan*, No. 2:19-cv-1637 DB P, 2019 WL 6840136, at *4 (E.D. Cal. Dec. 16, 2019); *Muhammad v. Rubia*, No. C-08-3209 JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations

of a fabricated charge fail to state a claim under § 1983." (citation omitted)), *aff'd*,

453 Fed. App'x 751 (9th Cir. 2011).  While filing false charge against a prisoner

may support a retaliation claim, standing alone it is insufficient to state a claim.

## I.   Doe Defendants 1–25

The Federal Rules of Civil Procedure do not authorize or prohibit the use of

fictitious parties, although Rule 10 requires a plaintiff to include the names of all

parties in his complaint.  Fed. R. Civ. P. 10(a).  Doe defendants are disfavored,

however, because it is effectively impossible for the United States Marshal to serve

an anonymous defendant.

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John

Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each

particular Doe Defendant violated his rights.  A plaintiff may then use the

discovery process to obtain the names of Doe Defendants and seek leave to amend

to name those defendants, unless it is clear that discovery will not uncover their

identities, or that the complaint will be dismissed on other grounds.  *See Wakefield*

*v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629

F.2d 637, 642 (9th Cir. 1980)).

Plaintiff names Doe Defendants 1–25, but makes no specific allegations

against any specific Defendant regarding his claims.  He does not even

differentiate between HCF or SCC Defendants.  Thus, he fails to link any particular allegation to any specific Doe Defendant and explain how that individual personally violated his civil rights.  This is insufficient to state a claim against any individual Doe Defendant.  Plaintiff is granted leave to amend to allege specific facts that show how each Doe Defendant 1–25 individually participated in his claims and violated his rights.  If Plaintiff successfully does so, and his amended pleading is not otherwise subject to dismissal, he will be allowed to pursue early discovery to discover the identities of the Doe Defendants, and then substitute their names and effect service of his claims as limited herein.[7]

## IV.   LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before July 20, 2020.  The amended pleading must cure the deficiencies in Plaintiff's claims and may not expand those claims beyond those already alleged, or add new claims without explaining how they relate to the

---

[7] Plaintiff is ultimately responsible for determining the identity of Doe Defendants and then requesting the Court to issue a Summons and direct service upon them. He is cautioned that "authorities clearly support the proposition that John Doe defendants must be identified and served within 90 days of the commencement of the action," and may be dismissed for failure to effect service after that time unless he can show good cause for the failure to timely serve them. *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567–68 (N.D. Ill. 1995) (footnote omitted); *see* Fed. R. Civ. P. 4(m).

original claims alleged against Defendants.

Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  An amended pleading must be submitted on the Court's prisoner civil rights form, and it will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.2.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff fails to file a timely amended complaint that cures the deficiencies in his claims, this action may be dismissed and count as a "strike" under 28 U.S.C. § 1915(g).[8]

## V.  CONCLUSION

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Plaintiff's failure to state a colorable claim for relief.  Plaintiff's

---

[8]  28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

claims against official capacity Defendants and for prospective injunctive relief at HCF are dismissed with prejudice.  All other claims are dismissed with leave granted to amend.

(2)  Plaintiff may file an amended pleading on or before July 20, 2020. Failure to file a timely amended pleading that cures the deficiencies in his claims may result in dismissal of this action with prejudice and without further notice and Plaintiff may incur a strike pursuant to 28 U.S.C. § 1915(g).  Plaintiff is NOTIFIED that, if he is unable to allege a connection between claims alleged to have occurred in Hawaiʻi at HCF and claims alleged to have occurred in Arizona at SCC, the SCC claims will be will be severed from this action.

(3)  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to amend his pleadings.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 24, 2020.



Jill A. Otake
United States District Judge

*DePaepe v. White, et al.*, Civ. No. 20-00198 JAO-WRP; Order Dismissing Complaint with Leave to Amend