IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEAN PAUL DEPAEPE, #A6017809, | Civil No. 20-00198 JAO-WRP |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| JOANNA-JACKLYN WHITE, et al., | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is pro se Plaintiff Sean Paul DePaepe's ("DePaepe") first amended Prisoner Civil Rights Complaint ("First Amended Complaint," or "FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 11. DePaepe alleges that Defendants, prison officials or employees at the Department of Public Safety ("DPS"), Halawa Correctional Facility ("HCF"), and Saguaro Correctional Center ("SCC"),[1] violated his rights under the Fourth and Eighth Amendments, and the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301–30309, by allegedly:

---

[1] DePaepe names in their individual capacities HCF Cook Timothy Morales and SCC officials T. Thomas, A. Perez, B. Griego, and Roy Summerland. ECF No. 11 at 1. DePaepe names in their individual and official capacities HCF officials Joanna-Jacklyn White ("White"), Shelley Harrington ("Harrington"), Jimmy Magallenes ("Magallenes"), and former DPS Director Nolan P. Espinda ("Espinda"). *Id.* at 2

(1) subjecting him to verbal harassment at HCF (which allegedly threatened his safety); (2) transferring him to SCC in retaliation for his filing a grievance; and (3) denying him medication and counseling, and falsely charging him with gang affiliation at SCC. For the following reasons, the FAC is DISMISSED with partial leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

While DePaepe was incarcerated at HCF in September 2018, HCF Cook Morales allegedly asked him and another inmate, "What are you two faggots doing making out?" ECF No. 11 at 9. DePaepe claims Morales then told inmates working in the kitchen that DePaepe and the other inmate were "making out" and DePaepe was a "faggot[]." *Id.*

After DePaepe filed a grievance regarding this incident, he spoke with an "unknown officer" and met with a "Halawa couns[elor]." *Id.* at 10. DePaepe claims the counselor told him that he would have a psychological "follow up that never happened." *Id.* Depaepe was transferred to SCC at some point thereafter.[3] *Id.* While at SCC, DePaepe claims that he was taken off an unidentified medication and initially denied counseling. *Id.* DePaepe also claims that he was falsely charged with gang affiliation at SCC. *Id.* at 11.

DePaepe filed his original Complaint on April 30, 2020, alleging that prison officials or employees at the DPS, HCF, and SCC, violated his rights under the Fourth and Eighth Amendments, and the PREA. ECF No. 1. On June 24, 2020,

---

[2] DePaepe's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3] DePaepe claims that he was a "minimum custody" inmate who was sent to SCC, a "medium facility." ECF No. 11 at 10.

the Court issued an order dismissing the original Complaint with leave to amend. ECF No. 8.

Depaepe filed his FAC on September 8, 2020.[4]  ECF No. 11.  He again alleges that prison officials or employees at the DPS, HCF, and SCC, violated his rights under the Fourth and Eighth Amendments, and the PREA.[5]  *Id.* at 5–6. DePaepe claims that:  (1) HCF Cook Morales threatened his safety by telling inmates that he had seen DePaepe "making out" with another inmate (Count I); and (2) he was sent to SCC in retaliation for filing a grievance at HCF (Count II).  *Id.* DePaepe also claims that he was denied medication and counseling, and falsely charged with gang affiliation at SCC.  *Id.* at 10–11.

## III. <u>DISCUSSION</u>

### A.  Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and

---

[4]  In its June 24, 2020 Order, the Court granted DePaepe until July 20, 2020, to file an amended pleading.  *See* ECF No. 8.  DePaepe did not comply with this deadline. The Court dismissed DePaepe's action on August 5, 2020, ECF No. 9, and judgment was entered on August 6, 2020, ECF No. 10.  After DePaepe filed the FAC, however, the Court issued an order vacating the dismissal and entry of judgment.  ECF No. 13.

[5]  Based on the allegations in the FAC, the Fourth Amendment has no relevance here.  To the extent DePaepe attempts to raise a claim under the PREA, he may not do so because it provides no private cause of action.  *See Hatcher v. Harrington*, No. 14-00554 JMS/KSC, 2015 WL 474313, at *4–5 (D. Haw. Feb. 5, 2015).

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.     Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

DePaepe names Defendants White, Espinda, Harrington, and Magallenes in both their individual and official capacities.  ECF No. 11 at 2.  To the extent he seeks monetary damages against these Defendants in their official capacities, those claims are barred by the Eleventh Amendment and DISMISSED with prejudice.

It is unclear whether DePaepe also seeks injunctive relief against these Defendants.  If DePaepe is seeking injunctive relief based on the alleged verbal harassment at HCF, those claims are DISMISSED as moot.  *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." (citation omitted)).  If DePaepe chooses to file another amended pleading, he must clarify his claims for prospective injunctive relief.[6]

---

[6]  In its June 24, 2020 Order, the Court informed DePaepe that any amended pleading would supersede the original Complaint.  *See* ECF No. 8 at 27.  In the FAC, however, DePaepe fails to provide any request for relief.  *See* ECF No. 11 at 8 (saying only that the request for relief was "previously stated").  This is insufficient.  If DePaepe chooses to file another amended pleading, that pleading must be complete itself.  *See* LR10.4 ("Any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").

## C.    Failure to Comply with Rule 8

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Liability under § 1983 must be based on the personal involvement of the defendant." *Id.* (citation omitted).

Beyond naming Magallenes as a Defendant and identifying him as an HCF cook, DePaepe alleges no facts showing Magallenes' personal action or inaction in his claims. Indeed, DePaepe's factual summary does not mention Magallenes at all. *See id.* at 5–6, 9–12. DePaepe fails to state a plausible claim for relief against Magallenes.

DePaepe also names Harrington and former DPS Director Espinda, but alleges no facts showing their personal participation in his allegations beyond their supervisory titles at DPS. Supervisory personnel are not liable, however, under 42 U.S.C. § 1983 for the actions of their employees under a theory of vicarious liability. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Supervisors can only be held personally liable under 42 U.S.C. § 1983 "for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates; for [their] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."

*Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (internal quotation marks and citation omitted).  This requires supervisors to have known of their subordinates' allegedly unconstitutional actions but failed to act.  *See Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).  Because DePaepe alleges no facts showing Espinda's or Harrington's personal involvement in his claims, he fails to state a colorable claim against them.

The FAC fails to comply with Rule 8, and DePaepe fails to allege sufficient facts to state a claim against Magallenes, Espinda, and Harrington.  DePaepe's claims against them are DISMISSED with leave granted to amend.

## D.    PREA Claim

DePaepe alleges that White "fail[ed] to abide by [PREA]" because she did not investigate his grievance that Morales had verbally harassed him.  ECF No. 11 at 14.  This claim fails at the starting gate, however, "because there is no private cause of action available to [DePaepe] under the PREA."  *Hatcher*, 2015 WL 474313, at *4–5; *see also D'Agirbaud v. Kim*, Civil No. 20-00139 JAO-KJM, 2020 WL 3258408, at *8 (D. Haw. June 16, 2020) (recognizing that there is no private right of action to vindicate violations of the PREA).

To the extent DePaepe attempts to challenge the processing of his grievance, he may not do so.  Inmates have no constitutional right to a grievance procedure, so the failure to properly investigate or process a grievance does not state a claim.

*See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that due process not violated when defendant failed to properly process grievance because unpublished administrative policy statements in establishing a grievance procedure did not create a protected liberty interest); *see also Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (holding the district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process" because inmates are not entitled to a specific grievance procedure (citing *Ramirez*, 334 F.3d at 860)).  DePaepe's claims against White are DISMISSED with leave granted to amend.

## E.     Improper Joinder

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or alternate claims, as many claims as the party has against an opposing party.  *See* Fed. R. Civ. P. 18(a).  A plaintiff may not, however, bring unrelated claims against unrelated parties in a single action.  *See* Fed. R. Civ. P. 20(a)(2) (Defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

10

occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").

DePaepe's claims against HCF and SCC Defendants involve distinct sets of defendants, in separate facilities located in different states, based on separate factual events, which occurred months apart.  DePaepe's claims against HCF Defendants arise from his complaint of Morales' alleged verbal harassment and DePaepe's resulting alleged retaliatory transfer to SCC in Arizona.  ECF No. 11 at 5–6.  His claims against SCC Defendants stem from DePaepe's alleged denial of medication and counseling, and alleged gang affiliation charge at SCC.  *Id.* at 10–11.  Although DePaepe attempts to link these claims by alleging all Defendants acted in retaliation, that connection is neither evident nor plausible from the facts alleged because DePaepe does not allege facts showing why or how SCC Defendants conspired with HCF Defendants to retaliate against him for filing a single grievance against HCF Cook Morales before DePaepe was transferred to Arizona.

Rather, DePaepe alleges that, when he was unsuccessful in obtaining relief on his grievances at HCF, he pursued grievances at SCC about the incident at HCF, but does not explain what authority SCC officials have to discipline Morales, or what relief they could have provided.  ECF No. 11 at 6.  Indeed, the alleged

retaliation by SCC Defendants due to DePaepe filing the SCC grievances—according to DePaepe, he was falsely charged for gang affiliation at SCC and suggests that he was placed in special housing and lost the right to continue his rehabilitation programs—is a new and separate incident.  Additionally, DePaepe fails to allege facts showing that this incident was related to his SCC grievances against Morales.  *See id.* at 10–12.

DePaepe's claims regarding incidents that allegedly occurred at HCF appear improperly joined with his claims regarding incidents alleged to have occurred at SCC.  If DePaepe elects to file another amended pleading, he should be mindful of this apparent failure to comply with the Federal Rules of Civil Procedure and understand that unrelated claims alleged against unrelated Defendants in an amended complaint may be severed.[7]

## F.    Eighth Amendment Claims

DePaepe alleges in Count I that Morales verbally harassed him by calling him a "faggot" and threatened his safety by telling inmates that DePaepe was a "faggot[]" who was "making out" with another inmate.  ECF No. 11 at 5, 9.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized

---

[7]  Venue for DePaepe's claims alleged to have occurred at SCC by SCC Defendants likely lies in Arizona and not in Hawaiʻi.  *See* 28 U.S.C. § 1391(b)(2).

standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation omitted).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) "the deprivation alleged [is], objectively, 'sufficiently serious'"; and (2) the prison official had a "'sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)) (other citations omitted).

### 1.   Verbal Sexual Harassment

DePaepe alleges that Morales violated the Eighth Amendment by asking him and another inmate, "What are you two faggots doing making out?"  ECF No. 11 at 5, 9.  Verbal harassment, however, generally does not violate the Eighth Amendment.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (citation omitted)); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Blacher v. Johnson*, 517 F. App'x 564, 564 (9th Cir. 2013).  DePaepe's verbal harassment claim in Count I is DISMISSED with leave granted to amend.

### 2.   Threat to Safety

DePaepe also alleges that Morales threatened his safety by telling prisoners that DePaepe was a "faggot[]" who was "making out" with another inmate.  ECF

No. 11 at 5, 9.  Prison officials must take reasonable measures to guarantee the safety of inmates, and they have a duty to protect prisoners from violence at the hands of other prisoners.  *See Farmer*, 511 U.S. at 832–33.  To establish "deliberate indifference" for an Eighth Amendment violation, a prisoner must show both that he faced a substantial risk of serious harm and the official knew of and disregarded an excessive risk to his health or safety.  *See id.* at 837.

DePaepe has not shown that Morales' statements put him at substantial risk of serious harm.  Although DePaepe claims that there was "hostility" in the general population toward him, this conclusory statement does not suffice.  *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) ("[Plaintiff's] speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health." (citation omitted)); *Martinez v. Brewer*, Case No. 13-cv-00515-JD, 2015 WL 1306413, at *4–5 (N.D. Cal. Mar. 23, 2015) (granting defendants summary judgment where prison official said on two occasions in front of other inmates that prisoner was gay).  Indeed, DePaepe does not allege that he experienced any mistreatment by inmates at HCF because of Morales' statements, nor does he allege that gay inmates at HCF were targeted for any harm, let alone serious harm, because of their sexual orientation.

14

Additionally, DePaepe does not allege that Morales knew his statements might put DePaepe's safety at risk. *See Hall v. San Joaquin Cty. Jail*, No. 2:13-cv-0324 AC P, 2013 WL 1680678, at *5 (E.D. Cal. Apr. 17, 2013) (dismissing claim based on officials telling prisoners plaintiff was gay because plaintiff did not allege that officials were aware that their actions exposed plaintiff to a substantial risk of serious harm). Although DePaepe claims that Morales intended to put him in danger, he alleges no facts supporting this claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Again, Depaepe does not allege that gay inmates at HCF were targeted for harm because of their sexual orientation, nor does he allege that Morales was aware of any such instances of harm. Nor has DePaepe shown that Morales "knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (citation omitted).

Moreover, DePaepe alleges that he was transferred from HCF to SCC after he reported the incident. This chronology undercuts DePaepe's claim that DPS or HCF officials failed to protect him. Rather, it suggests that prison officials responded to DePaepe's perceived fear by moving him to another facility. *See* 28 C.F.R. § 115.67(b) (requiring prison officials to "employ multiple protection measures, such as . . . transfers for inmate victims . . . who fear retaliation for

15

reporting . . . sexual harassment").  DePaepe's threat-to-safety claim in Count I is
DISMISSED with leave granted to amend.

## G.    Retaliation

DePaepe alleges in Count II that he was transferred to SCC in retaliation for
grieving Morales' comments.  ECF No. 11 at 6.

"Prisoners have a First Amendment right to file grievances against prison
officials and to be free from retaliation for doing so."  *Watison v. Carter*, 668 F.3d
1108, 1114 (9th Cir. 2012) (citation omitted).

> [A] viable claim of First Amendment retaliation entails five basic
> elements:  (1) An assertion that a state actor took some adverse
> action against an inmate (2) because of (3) that prisoner's
> protected conduct, and that such action (4) chilled the inmate's
> exercise of his First Amendment rights, and (5) the action did not
> reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations
omitted).  It is the plaintiff's burden to plead and prove each of these elements.
*See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  A plaintiff need not prove
that the alleged "adverse action," however, is itself a constitutional violation.  *See
id.*; *see also Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury
determination of retaliation based on filing of a false rules violation report); *Rizzo
v. Dawson*, 778 F.2d 527, 531–32 (9th Cir. 1985) (holding allegations that inmate's
transfer to a different prison "were retaliatory and were arbitrary and capricious"
were sufficient to state a retaliation claim).

16

A plaintiff must allege that his protected conduct was the "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim*, 584 F.3d at 1271 (citation omitted). To do so, a plaintiff must allege direct or circumstantial evidence of defendant's alleged retaliatory motive; speculation is insufficient. *See McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882–83 (9th Cir. 2011); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). Thus, a plaintiff must allege that the defendant knew of his protected conduct *and* either a proximity in time between the protected conduct and the alleged retaliation, or the defendant's expressed opposition to the protected conduct, or some other allegation that defendant's reasons for the challenged action were false or pretextual. *See McCollum*, 647 F.3d at 882.

DePaepe fails to allege sufficient facts to show that his filing a grievance against Morales was the reason he was transferred SCC. DePaepe's broad and conclusory assertion of "retaliation," without further allegations that link his transfer to his protected conduct, does not suffice.

First, Depaepe does not explain why Defendants would transfer him to Arizona in retaliation for one grievance against one officer. Indeed, nothing suggests that DePaepe's single grievance was a "substantial" or "motivating" factor prompting a retaliatory transfer to SCC. *Brodheim*, 584 F.3d at 1271 (citation omitted). Although the alleged sequence of events superficially supports

DePaepe's claim, transfers of prisoners from one prison to another, particularly to out-of-state facilities, would require some planning and considered decision making.  DePaepe does not allege the dates of the incident, when he filed a grievance, and when he was transferred.

Moreover, DePaepe alleges no facts suggesting a chilling effect on his protected conduct; he continued to file grievances and appeals from SCC to HCF and within SCC.  DePaepe fails to allege sufficient facts for the Court to plausibly infer that any Defendant personally retaliated against him for filing a grievance. This claim is DISMISSED with leave to amend.

## H.     Denial of Counseling

DePaepe alleges that he was denied "a p[sych] follow up" after the incident at HCF.  The Eighth Amendment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  It can be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm

18

caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). The requisite state of mind is one of "subjective recklessness," which entails "more than ordinary lack of due care." *Snow*, 681 F.3d at 985 (citation omitted); *see Wilhelm*, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Snow*, 681 F.3d at 987–88; *Wilhelm*, 680 F.3d at 1122. An Eighth Amendment claim may not be premised on even gross negligence by a physician. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *see Wilhelm*, 680 F.3d at 1122 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotation marks omitted).

Although DePaepe claims that an unidentified "Halawa couns[elor]" said he would have a "p[sych] follow up," ECF No. 11 at 10, he has not shown a serious

19

medical need.  DePaepe does not say why he needed a follow-up appointment, nor does he identify any symptoms suggesting a need for prompt medical care. Moreover, DePaepe does not allege who was responsible for the fact that he did not have a follow-up appointment or how that official was deliberately indifferent to a serious medical need.  Indeed, it is unclear how much time elapsed between DePaepe being told that he would have a follow-up appointment and his transfer to SCC.  DePaepe's denial of medical care claim is DISMISSED with leave granted to amend.

## IV.  LEAVE TO AMEND

The FAC is DISMISSED with partial leave granted to amend.  DePaepe may file a second amended complaint on or before December 7, 2020, that attempts to cure the deficiencies in his claims.  DePaepe may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to his FAC are subject to dismissal.

DePaepe must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights

form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  If DePaepe fails to timely file a second amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[8]

## V.  CONCLUSION

(1)  The FAC is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  DePaepe's claims seeking monetary damages against official capacity HCF defendants are dismissed with prejudice.  All other claims are dismissed with leave granted to amend.

(2)  DePaepe may file an amended pleading that cures the deficiencies in his claims on or before December 7, 2020.  DePaepe is again reminded that, if he

---

[8]  Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

asserts claims alleged to have occurred in Arizona at SCC but is unable to allege a connection between them and claims alleged to have occurred in Hawai'i at HCF, the SCC claims will be severed from this action.

(3)  The Clerk is directed to send DePaepe a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(4)  If DePaepe fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, November 5, 2020.



Jill A. Otake
United States District Judge

*DePaepe v. White, et al.,* Civ. No. 20-00198 JAO-WRP; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND

22